NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
·GATE.—May, 1887.

## MATTER OF BERRY.

*In the matter of the estate of* CHARLES W. BERRY,
*deceased.*

Executors to whom their testator has given his estate in trust to apply the
income to the use of an infant daughter for life, with authority "in
their discretion to apply, if necessary for her support, such part of the
principal as they may think necessary," etc., will be directed by the
court to make suitable payments out of the principal, where it appears
that they have not honestly and in good faith exercised the power
with which they were clothed.

APPLICATION by William C. Banning, as testamen-
tary guardian of Helen M. Berry, an infant, to
compel payment of principal of trust fund for support
of ward.

GEO. HILL, *for petitioner.*

FREDERICK P. FORSTER, *opposed.*

THE SURROGATE.—The will of this decedent gives
his entire estate to his executors in trust to apply the
income to the use of his daughter during her life, and
with authority "in their discretion to apply, if neces-
sary for her support, such part of the principal as
they may think necessary, but not exceeding $500
in any one year."

The *cestui que trust* is an infant about five years of
age. Her testamentary guardian seeks by the pres-
ent proceeding to obtain an order directing the execu-
tors to advance him, for the ward's necessary support,

some portion of the principal of this estate. The petitioner shows that for the three years and eight months last past, he has supported and maintained the infant, and that during that period the total amount paid to him from all sources for her benefit is $614.90. Of this, $427.40 was received from these respondents.

The executors allege in their answer that they have *" deemed it wise and for the best interests of said minor that the principal of the estate should be saved until she shall attain her majority, and it is for that reason that they have declined to apply the principal of the estate towards her support."*

Apart from the interest in the funds in the hands of these respondents, the infant's estate consists solely of her right to the income of $6,606.25 bequeathed to her by the will of her grandfather. There can be no reasonable doubt that the sums which the respondents have seen fit to apply to the support of this child have been in fact altogether inadequate to its necessities, and it seems to me that they have not honestly and in good faith exercised the discretion with which they are clothed by the testator's will. They substantially assert in their answer that, in refusing to encroach upon the principal of this estate for the child's maintenance, they are governed by a consideration of what will be for her best interests sixteen years hence. The matter upon which they are especially bound to exercise their discretion is the ascertainment of what portion, if any, of the principal fund in their hands is *now* needed

for the child's support in the care of the testamentary guardian to whom its father has confided it.

The fact that one of these executors and the wife of the other will be entitled, in case this infant shall die without issue, to so much of the principal as shall remain unexpended in the executors' hands, and the fact that during the five months in which the infant was in charge of the executor, Gunn, he and his associate saw fit to deplete the principal of the estate at a rate much in excess of the rate of $500 per annum, tend to support the petitioner's contention that the respondents here used their authority in disregard of the facts and circumstances which belong to the proper exercise of the discretion vested in them by the testator's will.

It seems clear to me, upon the whole case, that some portion of the principal should be applied to the infant's support, and if the respondents and the guardian cannot agree upon the amount necessary for that purpose, I must direct a reference.

Counsel for the respondent insists that this court has no jurisdiction to grant the order here prayed for.   The limits of the Surrogate's authority in the premises were set forth in Banning v. Gunn (4 *Dem.*, 337).   The doctrine of that case is left quite undisturbed by the recent decision of the Court of Appeals in Lawrence v. Cooke (11 *N. E. Rep.*, 144).